United States Bankruptcy Court
District of Massachusetts

In re:                                                              Case No. 15-14315-msh
Joel N. Tenenbaum                                                   Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0101-1          User: admin              Page 1 of 1              Date Rcvd: Feb 22, 2016
                              Form ID: 318auto         Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 24, 2016.
```
db          +Joel N. Tenenbaum,    1666 Commonwealth Avenue Apt. 41,    Brighton, MA 02135-5607
19627715    +ARISTA RECORDS LLC,    2711 CENTERVILLE RD.,    SUITE 400,    WILMINGTON, DE 19808-1645
19627716    +ATLANTIC RECORDING CORPORATION,    1633 BEOADWAY LOWR 2C1,    NEW YORK, NY 10019-0184
19627717    +CHASE,    PO BOX 9001871,    LOUISVILLE, KY 40290-1871
19627718    +JOHN R. BAUER, ESQ.,    NANCY M. CREMINS, ESQ.,    ROBINSON & COLE LLP,    ONE BOSTON PLACE,
              BOSTON, MA 02108-4404
19627719    +JUDIE TENENBAUM,    20 UPTON AVENUE,    PROVIDENCE, RI 02906-4639
19627720    +SONY BMG MUSIC ENTERTAINMENT,    550 MADISON AVENUE,    NEW YORK, NY 10022-3211
19627721    +UMG RECORDINGS INC.,    1209 ORANGE STREET,    WILMINGTON, DE 19801-1120
19627722    +WARNER BROS. RECORDS INC.,    3300 WARNER BLVD.,    BURBANK, CA 91505-4694
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 24, 2016                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 22, 2016 at the address(es) listed below:
```
          Christopher M. Lefebvre    on behalf of Debtor Joel N. Tenenbaum court@lefebvrelaw.com
          John    Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
          John O. Desmond    trustee@jdesmond.com,    jdesmond@ecf.epiqsystems.com
                                                                                             TOTAL: 3
```

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Joel N. Tenenbaum** | Social Security number or ITIN **xxx–xx–4699** |
| | First Name    Middle Name    Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **District of Massachusetts** | |
| Case number: | **15–14315** | |

# Order of Discharge                                                                                              12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Joel N. Tenenbaum

2/22/16                                                                                      **By the court:**    Melvin S. Hoffman
                                                                                                                    United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This court grants a discharge to the person named as the debtor. It does not dismiss the case, and it does not determine how much money, if any, the trustee will pay to creditors.

**Debts that Are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debt are discharged if the debt existed on the date the bankruptcy case was filed.

If this case began under a different chapter of the Bankruptcy Code and was converted to chapter 7, the discharge applies to debts as of the date of conversion.

**Debts that Are Not Discharged**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

- Debts for most taxes;
- Debts incurred to pay nondischargeable taxes;
- Debts that are domestic support obligations;
- Debts for most student loans;
- Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
- Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
- Some debts which the debtors did not properly list;
- Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
- Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
- Debts owed to certain pension, profit sharing, stock bonus, or retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**For more information, see page 2 >**

Official Form 318                                      **Order of Discharge**                                                  page 1

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.

*[In a case involving community property: There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.]*

A creditor who violates this order can be required to pay damages and attorney's fees to the debtor. However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318                **Order of Discharge**                page 2